# United States Court of Appeals for the Federal Circuit

---

**JKB SOLUTIONS AND SERVICES, LLC,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-1257

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01390-TCW, Judge Thomas C. Wheeler.

---

Decided: November 17, 2021

---

WILLIAM A. LASCARA, Pender & Coward, PC, Virginia Beach, VA, argued for plaintiff-appellant.

AMANDA TANTUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, MARTIN F. HOCKEY, JR.

---

Before MOORE, *Chief Judge*, NEWMAN and O'MALLEY, *Circuit Judges*.

O'MALLEY, *Circuit Judge.*

JKB Solutions & Services, LLC appeals a decision of the Court of Federal Claims ("Claims Court") granting the government's motion for summary judgment on JKB Solutions' breach of contract claim. *JKB Sol'ns & Servs., LLC v. United States* (*JKB Sol'ns II*), 150 Fed. Cl. 252 (2020). The Claims Court held that the United States Army constructively invoked the termination for convenience clause incorporated in JKB Solutions' contract, such that JKB Solutions could not recover the damages it sought. Because that clause does not apply to JKB Solutions' service contract, we vacate and remand for further proceedings.

## BACKGROUND

In September 2015, JKB Solutions and the Army entered into a three-year indefinite-delivery/indefinite-quantity contract for instructor services for the Operational Contract Support course. Military personnel enroll in the course to learn, *inter alia*, "contractor management" and the "development of acquisition-ready requirements packages." J.A. 121. Under the contract, JKB Solutions agreed to provide instructional services to support a maximum of fourteen classes per year.

The contract incorporates Federal Acquisition Regulation ("FAR") 52.212-4, entitled "Contract Terms and Conditions—Commercial Items." Among the terms in FAR 52.212-4 is a termination for convenience clause, by which "[t]he Government reserves the right to terminate this contract, or any part hereof, for its sole convenience." FAR 52.212-4(*l*) (2015). The contract also incorporates Defense Federal Acquisition Regulation Supplement ("DFARS") 252.216-7006, which requires all supplies and services furnished under the contract to be ordered by issuance of delivery or task orders. DFARS 252.216-7006(a) (2015). These task orders are subject to the terms and conditions of the contract. DFARS 252.216-7006(b).

The Army issued three yearlong task orders over the term of the contract. Each task order listed one lot of training-instructor services, the price per class, and a total price corresponding to the price of fourteen classes. Each year, the Army used JKB Solutions' services for fewer than fourteen classes and used its own personnel to teach the remainder of the classes. The Army paid JKB Solutions for each class the contractor actually taught and refused to pay the total price listed in the task orders.

In September 2019, JKB Solutions sued the government for breach of contract. The government moved to dismiss the complaint for failure to state a claim or, in the alternative, for summary judgment. It argued that (a) the contract and task orders required the government to pay only for services that JKB Solutions actually provided and (b) if the contract and task orders were ambiguous, JKB Solutions could not recover because the ambiguities were patent. The Claims Court denied the government's motion to dismiss, determining that there were latent ambiguities about whether the Army must pay the total price listed in the task orders. *JKB Sol'ns & Servs., LLC v. United States* (*JKB Sol'ns I*), 148 Fed. Cl. 93, 96–98 (2020). The Claims Court also denied the government summary judgment because there were genuine issues of material fact that precluded summary judgment. *Id.* at 98–99.

In a joint preliminary status report after the Claims Court's decision, the government raised the issues of (a) whether the *Christian* doctrine—established in *G. L. Christian & Associates v. United States*, 312 F.2d 418 (Ct. Cl. 1963)—applied, such that the contract and task orders included a termination for convenience clause by operation of law, and (b) whether JKB Solutions' recovery is limited to termination for convenience costs under the doctrine of constructive termination for convenience. At the request of the Claims Court, the parties agreed to brief the applicability of the *Christian* doctrine in a motion for summary judgment. Before filing the motion for summary

judgment, the government notified the court and JKB Solutions that the contract's incorporation of FAR 52.212-4 made briefing on the *Christian* doctrine unnecessary. Over JKB Solutions' objections, the Claims Court permitted the government to move for summary judgment based on FAR 52.212-4 and the doctrine of constructive termination for convenience. The government's motion raised the applicability of the *Christian* doctrine only in a footnote.

The Claims Court granted the government's motion for summary judgment. *JKB Sol'ns II*, 150 Fed. Cl. at 257. First, the court found that JKB Solutions' contract contained a termination for convenience clause by its incorporation of FAR 52.212-4. *Id.* at 256. The court agreed with the government that nothing in the FAR limited the applicability of the termination for convenience clause in FAR 52.212-4 to commercial item contracts only. *Id.* Second, the court found no indication that the Army terminated the task orders in bad faith or abused its discretion by doing so. *Id.* The court explained that there could not be bad faith or an abuse of discretion because the Army never *actually* terminated the contract for convenience. *Id.* Even if the Army had terminated the contract for convenience, the Claims Court found that there would have been no bad faith or abuse of discretion in that termination. *Id.* at 256–57. Third, the court invoked the doctrine of constructive termination for convenience because the contracting officer could have terminated for convenience when it became clear that, for each task order, the Army required fewer classes than originally anticipated. *Id.* at 257. Finally, applying the doctrine of constructive termination for convenience, the court determined that JKB Solutions could only recover termination for convenience costs, which it did not seek in its complaint. *Id.*

JKB Solutions timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. Cl. R. 56(a). We review a grant of summary judgment *de novo*. *City Line Joint Venture v. United States*, 503 F.3d 1319, 1322 (Fed. Cir. 2007). We also review contract interpretation *de novo*. *Nw. Title Agency, Inc. v. United States*, 855 F.3d 1344, 1347 (Fed. Cir. 2017).

On appeal, JKB Solutions principally argues that the termination for convenience clause of FAR 52.212-4 does not apply to its service contract. JKB Solutions also argues that there are genuine disputes of material fact that render summary judgment inappropriate. We agree with JKB Solutions that the termination for convenience clause of FAR 52.212-4 does not apply, and we therefore do not reach its other arguments.

Generally, absent specific legislation to the contrary, common-law contract doctrines limit the government's power to contract just as they limit the power of any private person. *Torncello v. United States*, 681 F.2d 756, 762–63 (Ct. Cl. 1982) (en banc) (plurality opinion). Consequently, a contracting officer may only terminate a contract for the convenience of the government—i.e., where there has been no fault or breach by the non-governmental party—if the contract has an applicable termination for convenience clause.[1] *Id.* at 763; *see Maxima Corp. v. United States*, 847 F.2d 1549, 1552 (Fed. Cir. 1988).

---

[1]    The *Christian* doctrine permits courts to insert a clause into a government contract by operation of law if applicable federal administrative regulations require it. *Gen. Eng'g & Mach. Works v. O'Keefe*, 991 F.2d 775, 779 (Fed. Cir. 1993). To insert the clause, a court must find that the clause (1) is mandatory and (2) expresses a

Where a contracting officer does not actually exercise a contract's termination for convenience clause but stops or curtails a contractor's performance for ultimately questionable or invalid reasons, the contract's termination for convenience clause may constructively justify the government's actions, avoid breach, and limit liability. *See Torncello*, 681 F.2d at 759. The doctrine of constructive termination for convenience stems from *College Point Boat Corp. v. United States*, 267 U.S. 12 (1925), where the Supreme Court observed:

> A party to a contract who is sued for breach may ordinarily defend on the ground that there existed, at the time, a legal excuse of nonperformance by him, although he was then ignorant of the fact. He may, likewise, justify an asserted termination, rescission, or repudiation, of a contract by proving that there was, at the time, an adequate cause, although it did not become known to him until later.

*Id.* at 15–16 (footnotes omitted).

A contract's termination for convenience clause "is not an open license to dishonor contractual obligations." *Maxima*, 847 F.2d at 1553. A contracting officer's decision to terminate for convenience is only conclusive in the absence of bad faith or clear abuse of discretion. *See Caldwell & Santmyer, Inc. v. Glickman*, 55 F.3d 1578, 1581 (Fed. Cir. 1995). We presume that the government acts in good faith when contracting. *Id.* To overcome that presumption, a contractor must show through "well-nigh irrefragable proof" that the government had a specific intent to injure it. *Id.* (quotation marks omitted) (finding no bad faith or abuse of discretion where the contracting officer terminated a contract for convenience after determining that an

---

significant or deeply ingrained strand of public procurement policy. *Id.*

amendment could not remedy an error arising out of a poorly drafted, critical contract provision).

Similarly, the government may not resort to the doctrine of constructive termination for convenience if it "evinced bad faith or a clear abuse of discretion in its actions." *See Kalvar Corp. v. United States*, 543 F.2d 1298, 1300–01 (Ct. Cl. 1976). The government may also not use the doctrine of constructive termination for convenience to terminate a contract retroactively so as to change its obligations under a fully performed contract. *Maxima*, 847 F.2d at 1553–54, 1557 (holding that the government could not recover its payment of the unused contractual minimum a year after contract completion under the theory that its failure to order the contractual minimum constituted a constructive termination for convenience); *see also, e.g., Ace-Federal Reps., Inc. v. Barram*, 226 F.3d 1329, 1333 (Fed. Cir. 2000); *Krygoski Constr. Co. v. United States*, 94 F.3d 1537, 1542 n.2 (Fed. Cir. 1996).

The government acts in bad faith when, for example, it "contracts with a party knowing full well that it will not honor the contract." *Caldwell*, 55 F.3d at 1582; *accord Salsbury Indus. v. United States*, 905 F.2d 1518, 1521 (Fed. Cir. 1990). In *Torncello v. United States*, 681 F.2d 756 (Ct. Cl. 1982) (en banc), the government entered into a requirements contract with Torncello, knowing that there was a cheaper bidder, and proceeded to use the cheaper bidder's services for items covered by its contract with Torncello. *See id.* at 758 (plurality opinion); *Salsbury*, 905 F.2d at 1521 (discussing *Torncello*). The Court of Claims held that there cannot be a constructive termination for convenience in these circumstances. *See id.* at 773 (Friedman, J., concurring); *Salsbury*, 905 F.2d at 1521 ("The [*Torncello*] court, not surprisingly, held that the government could not avoid the consequences of ignoring its promise to *that* contractor by hiding behind the convenience termination clause."); *Krygoski*, 94 F.3d at 1541–42 ("The Navy [in *Torncello*] used the termination for

convenience clause to escape a promise it never had an intention to keep."). The government, therefore, acts in bad faith by terminating a contract for convenience "simply to acquire a better bargain from another source." *Krygoski*, 94 F.3d at 1541 (citing *Torncello*, 681 F.2d at 772).

Here, the Claims Court erred by holding that JKB Solutions' contract contained an applicable termination for convenience clause. The Claims Court relied solely on the contract's incorporation of FAR 52.212-4 by reference. *JKB Sol'ns II*, 150 Fed. Cl. at 256. But, as explained below, FAR 52.212-4 governs the termination of commercial item contracts for the government's convenience, and it does not apply to service contracts, such as the contract at issue in this case.[2]

FAR 52.212-4 provides for the insertion of numerous contract terms and conditions "[a]s prescribed in [FAR] 12.301(b)(3)." FAR 52.212-4. FAR 12.301 implements 41 U.S.C. § 3307, which provides that the FAR "shall contain a list of contract clauses to be included in *contracts for the acquisition of commercial end items.*" 41 U.S.C. § 3307(e)(2)(B) (2012) (amended 2018) (emphasis added); *see* FAR 12.301 (2015). The statute constrains the list of contract clauses:

> To the maximum extent practicable, the list shall include only those contract clauses that are—
>
> (i)  required to implement provisions of law or executive orders applicable to acquisitions of

---

[2]  For purposes of its summary judgment motion, the government did not dispute JKB Solutions' characterization of the contract as a service contract (and not a commercial item contract). Oral Arg. at 23:20–25:28, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-1257_09022021.mp3.

> commercial items or commercial components; or
>
> (ii) determined to be consistent with standard commercial practice.

41 U.S.C. § 3307(e)(2)(B). FAR 12.301 contains substantially similar language limiting the list of contract clauses. *See* FAR 12.301(a). The regulation prescribes the insertion of "clauses," like FAR 52.212-4, "in solicitations and contracts *for the acquisition of commercial items*." FAR 12.301(b) (emphasis added). Because FAR 52.212-4 applies only to commercial item contracts and because, for purposes of this summary judgment motion, JKB Solutions' contract is not a commercial item contract, the Claims Court erred in relying on FAR 52.212-4 to supply an applicable termination for convenience clause.

The Claims Court rationalized its holding, finding that "nothing in the FAR limits the applicability of Section 52.212-4(*l*) to commercial item contracts." *JKB Sol'ns II*, 150 Fed. Cl. at 255–56. The government reiterates this reasoning on appeal. As previously noted, the text of FAR 52.212-4 and FAR 12.301 limit the applicability of the incorporated termination for convenience clause to commercial item contracts. The existence of other termination for convenience clauses in the FAR further supports our conclusion. For example, Part 52 of the FAR provides for the insertion of several termination for convenience clauses "[a]s prescribed" in FAR 49.502. *See* FAR 52.249-1 to 52.249-5 (2015). FAR 49.502 prescribes the insertion of FAR 52.249-4's "Termination for Convenience of the Government (Services) (Short Form)" clause in certain "contracts for services." FAR 49.502(c) (2015). Moreover, the FAR provides that the part to which FAR 49.502 belongs "does not apply to commercial item contracts awarded using part 12 procedures." FAR 49.002(a)(2) (2015). A different FAR provision, which references FAR 52.212-4, governs the termination policies of those contracts for the

acquisition of commercial items. *Id.* (citing FAR 12.403 (2015)). The FAR's own distinction between termination for convenience clauses based on types of contracts confirms that FAR 52.212-4's termination for convenience clause does not apply to JKB Solutions' service contract.

We are unpersuaded by the government's remaining arguments as to the applicability of FAR 52.212-4. First, the government argues that JKB Solutions did not preserve its arguments that FAR 52.212-4 only applies to commercial item contracts. We disagree. In JKB Solutions' opposition to the government's motion for summary judgment, JKB Solutions argued that FAR 52.212-4's termination for convenience clause "is inapplicable here because it concerns only Commercial Item contracts whereas the present dispute concerns a Service Contract." J.A. 557–58. JKB Solutions' argument referenced other FAR provisions, including FAR 12.301, FAR 49.502, and FAR 52.249-4. *Id.*

Second, the government argues that FAR 52.212-4's termination for convenience clause necessarily applies to JKB Solutions' contract because, through incorporation by reference, it is a binding term on the parties. This argument conflates two separate concepts: (1) whether JKB Solutions manifested its acceptance of the terms of the contract, such that it is bound by them, and (2) whether the termination for convenience clause that the contract incorporates by reference applies to the contract, i.e., has effect. As noted, FAR 52.212-4 applies only to contracts for the acquisition of commercial items; it has no effect on the service contract between JKB Solutions and the government. *See Torncello*, 681 F.2d at 763 (plurality opinion) ("Therefore, this court will read the termination for convenience clause in the contract in this case as it would read any contract term and give effect to it or deny effect to it as dictated by the general law."). Giving the incorporated termination for convenience clause no effect does not "deny the Government the benefit of its bargain," as the Claims Court found. *JKB Sol'ns II*, 150 Fed. Cl. at 256. In drafting the contract,

the government simply incorporated a FAR provision that, on its face, applies only to commercial item contracts.

## CONCLUSION

For the reasons discussed above, the Claims Court erred in holding that FAR 52.212-4 supplied an applicable termination for convenience clause. We therefore vacate the Claims Court's decision and remand for further proceedings consistent with this decision. On remand, the Claims Court may consider whether the *Christian* doctrine applies to incorporate a termination for convenience clause and whether, in light of our case law, the doctrine of constructive termination for convenience applies in these circumstances.

## VACATED AND REMANDED

## COSTS

Costs to JKB Solutions.